**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4625**

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

   v.

JASON CLIFTON WHITNEY, a/k/a Fat J,

           Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, District Judge.  (7:18-cr-00128-FL-1)

Submitted:  March 17, 2020                      Decided:  April 2, 2020

Before KEENAN, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Clifton Whitney pled guilty pursuant to a plea agreement to possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (2018), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2018). The district court sentenced Whitney to 27 months' imprisonment on the marijuana possession count and a consecutive term of 60 months' imprisonment on the § 924(c) firearm count. On appeal, Whitney's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether the mandatory 60-month consecutive sentence applicable to Whitney's § 924(c) firearm conviction violates the Eighth Amendment and the Equal Protection and Due Process Clauses of the Constitution. Whitney was informed of his right to file a pro se supplemental brief, but he has not done so. The Government elected not to file a brief and does not seek to enforce the appeal waiver in Whitney's plea agreement.[*] We affirm.

Counsel's challenge to Whitney's § 924(c) sentence—raised for the first time on appeal and thus subject to review for plain error only, *United States v. Walker*, 934 F.3d 375, 378 (4th Cir. 2019)—is foreclosed. *See United States v. Khan*, 461 F.3d 477, 495 (4th Cir. 2006) (rejecting argument that lengthy sentences imposed by § 924(c) "are so

---

[*] Because the Government fails to assert the appeal waiver as a bar to this appeal, we may consider the issue raised by counsel and conduct an independent review of the record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

2

long as to constitute a violation of due process, equal protection, and the Eighth Amendment prohibition against Cruel and Unusual punishment"). Whitney thus fails to establish plain error in this regard. Further, in accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the criminal judgment.

This court requires that counsel inform Whitney, in writing, of the right to petition the Supreme Court of the United States for further review. If Whitney requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Whitney.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*